IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,

v.

**BRAYAN DEL VALLE FUENTES**,

Defendant.

Criminal No. 15-347 (FAB/BJM)

## REPORT AND RECOMMENDATION

On May 14, 2015, Brayan Del Valle Fuentes ("Del Valle") was indicted in Count One and charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Docket No. 9. Del Valle moved to dismiss the indictment under Rule 12(b)(3)(B), Docket No. 26, and the government opposed, Docket No. 31. The motion was referred to me for a report and recommendation. Docket No. 36. For the following reasons, the motion to dismiss should be **DENIED**.

## DISCUSSION

Del Valle argues the "government cannot prove [he] is a prior felon as defined for purposes of the federal weapons statute." Def.'s Mot. Dismiss 7. He argues that there was no judgment of conviction or adjudication of his guilt when a Commonwealth of Puerto Rico court placed him on probation under Article 404(b) of the Puerto Rico Controlled Substances Act. P.R. LAWS ANN. tit. 24, § 2404(b)(1). His argument, however meritorious, is prematurely raised on a Rule 12(b)(3)(B) motion.

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure requires that a defendant raise any motion to dismiss a defective indictment prior to trial. FED. R. CRIM. P. 12(b)(3)(B). An indictment must be a plain, concise, and definitive written statement of the essential facts constituting the offense or offenses charged, and each count must contain the official or customary citation of the statute that the defendant allegedly violated. FED. R. CRIM. P. 7(c)(1). "When grading an indictment's sufficiency, we look to

see whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." *United States v. Cameron*, 699 F.3d 621, 635 (1st Cir. 2012) (quoting *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011)). But beyond technical defects and cases of misconduct, a federal court can only exercise its supervisory power and supplant the grand jury's "fundamental role" by dismissing an indictment in "extremely limited circumstances." *Whitehouse v. U.S. Dist. Ct. for Dist. of R.I.*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)).

Under federal law, it is unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm or ammunition . . . which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). What constitutes a conviction is "determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* § 921(a)(20). The indictment here alleges the following for Count One:

> On or about May 7, 2015, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **BRAYAN DEL VALLE-FUENTES**, having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate or foreign commerce, a firearm and ammunition, to wit: a model 6946, .9mm caliber, Smith & Wesson pistol bearing serial number VZT23223; and twenty-five (25) rounds of ammunition; said firearm and ammunition having been shipped and transported in interstate or foreign commerce. All in violation of Title 18, <u>United States Code</u> Sections 922(g)(1) and 924(a)(2).[1]

Del Valle does not allege this indictment fails to set out any elements of the § 922(g)(1) charge, or that the indictment is missing any necessary facts. An indictment is generally sufficient if it (1) informs the defendant of the statute he is charged with violating, (2) lists the elements of a violation under the statute, and (3) specifies the time

---

[1] Docket No. 9.

period during which the violation occurred. *See e.g., United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012). Circuit courts have found an indictment with language similar to the one presented here sufficient to survive a motion to dismiss. *See United States v. Todd*, 446 F.3d 1062, 1067–68 (10th Cir. 2006); *United States v. McCarty*, 862 F.2d 143, 144 (7th Cir. 1988). Nonetheless, Del Valle suggests the Rule 12(b) motion is the proper vehicle to argue that he has no predicate conviction as a matter of law by arguing that the indictment "fails to invoke the court's jurisdiction or to state an offense." Def.'s Mot. Dimiss 3. The government responds that it agrees that the facts are "undisputed" in this case and that Del Valle's motion presents a "purely legal question."[2] Gov't Opp'n 3.

To the extent Del Valle argues a defect in the indictment deprives this court of jurisdiction, the argument lacks merit. *See United States v. Cotton*, 535 U.S. 625, 631 (2002) ("this Court some time ago departed from [the view] that indictment defects are "jurisdictional.'"). And despite both parties' apparent willingness to have the court determine whether the indictment fails to state an offense by considering the document the government produced during discovery, that determination is improper on a Rule 12(b) motion.

There is no criminal corollary to the civil summary judgment mechanism. *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000). "[C]ourts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations . . . ." *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011). "[T]he question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense. An inquiry into whether the government can prove

---

[2] I note that it is unclear what the parties mean by saying the facts are "undisputed." The government's recitation of the facts suggests the police found only "ten rounds" of ammunition, while the indictment states Del Valle possessed 25 rounds of ammunition. Moreover, Del Valle relies on facts outside the indictment (specifically, the affidavit attached to the complaint) to explain the government's initial belief that Del Valle is a convicted felon.

its case at trial is inappropriate at this stage." *United States v. Acevedo Vila*, 588 F. Supp. 2d 194, 201 (D.P.R. 2008); *see also United States v. Savarese*, 686 F.3d 1, 7–8 (1st Cir. 2012).

And although the government suggests this motion presents a "purely legal question," it does not. *See United States v. Caceres–Prado*, 601 F. Supp. 468, 470 (D.P.R. 1984) ("If a motion to dismiss raises a question of law, rather than fact, then the motion [may] be properly considered."); *see also United States v. McCormack*, 31 F. Supp. 2d 176, 180–81 (D. Mass 1998). While reviewing a defendant's conviction under § 922 (g)(9), which also requires the conviction of a predicate crime, the First Circuit noted that "the prosecution's successful establishment of an element of a crime does not invariably depend on showing merely that a certain set of facts exist; there are often legal barriers to scale as well." *United States v. Meade*, 175 F.3d 215, 223 (1st Cir. 1999) ("Establishing the predicate misdemeanor crime of domestic violence hinged not only on producing an official record attesting to an underlying conviction, but also on overcoming whatever legal defenses the defendant mounted in regard to the materiality of that conviction.").

Similarly, to determine whether Del Valle has an underlying felony conviction, the court would have to consider *evidence* the government disclosed during discovery and determine whether that evidence demonstrates a conviction under the law of the Commonwealth of Puerto Rico. *See United States v. Flower*, 29 F.3d 530, 535 (10th Cir. 1994) ("The judge's ultimate decision to admit, or not to admit, a prior conviction as a predicate crime under § 922(g)(1) may rest upon a *factual evidentiary showing*; just as many other substantive legal questions rest upon factual showings.") (emphasis added). Such a broad inquiry is improper on a Rule 12(b)(3)(B) motion.

To be sure, I recognize other courts have dismissed an indictment on a Rule 12(b)(3)(B) motion on the ground that the indictment fails to state an offense because the alleged underlying conviction fails as a matter of law. *See United States v. Mynatt*, 349 F. Supp. 2d 1056, 1063–64 (E.D. Tenn. 2004); *United States v. Edwards*, No. 5:15–CR–

00137–F–1, 2015 WL 4111159, at *5 (E.D.N.C. July 7, 2015); *United States v. Romero*, No. 5:15–CR–87–BO, 2015 WL 3687857, at *4 (E.D.N.C. June 12, 2015). But at least one court has noted "that whether the sufficiency of [a] predicate conviction would raise a 'failure to state an offense' under Rule 12(b)(3)(B) . . . or a 'defect in instituting the prosecution' . . . is unclear—because . . . unlike other potential defects, the alleged defect is not apparent from the face of the indictment, and is an element the Government must prove at trial." *United States v. Hines*, No. 1-12-cr-00204-JAW, 2014 WL 1875164, at *5 (D. Me. May 9, 2014) (court "reject[ed] the Government's contention that [defendant] waived the sufficiency of his prior misdemeanor crime . . . by failing to file a pretrial motion challenging the sufficiency of the indictment under Rule 12(b)(3)").

And because circuit courts vary in their willingness to allow trial courts to consider the sufficiency of evidence on a Rule 12(b)(3)(B) motion, it is necessary to examine First Circuit precedent. *United States v. Norman*, 87 F. Supp. 3d 737, at *2 (E.D. Pa. 2015) (court noted varying approaches to assessing motions to dismiss among "[s]everal circuit courts"). *Compare United States v. Yakou*, 393 F.3d 231, 238 (D.C. Cir. 2005) (court can dismiss charges at the pretrial stage for insufficiency of evidence where the facts are undisputed and the government fails to object to the district court's consideration of those facts), *and United States v. Hall*, 20 F.3d 1084, 1087–88 (10th Cir. 1994), *with DeLaurentis*, 230 F.3d at 660 ("[u]nless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.").

The First Circuit has repeatedly instructed that "what counts in [motions to dismiss] are the charging paper's *allegations*" and that such motions are not "a way to test the sufficiency of the evidence behind an indictment's allegations." *Guerrier*, 669 F.3d at 3–4 (trial court got the matter "exactly right" when it dismissed defendant's motion to dismiss, which argued that the Government "produced no *evidence* during discovery" to support the charge); *see also United States v. Ngige*, 780 F.3d 497, 502 (1st

Cir. 2015) ("The problem with [defendant's] argument is that it fails to attack the facial validity of the indictment and instead challenges the government's substantive case."). The First Circuit decided so because a "technically sufficient indictment handed down by a duly empaneled grand jury 'is enough to call for trial of the charge on the merits.'" *Guerrier*, 669 F.3d at 4 (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). Because this court is bound by First Circuit precedent, the Rule 12(b)(3)(B) motion is not the proper procedural vehicle to resolve the arguments raised in the parties' briefs.

However, I note that there are serious infirmities in the government's ability to prove as a matter of law, with the current record evidence, that Del Valle had been convicted of a predicate felony at the time of his indictment. That Del Valle was placed on probation for two years does not make him a convicted felon under the rehabilitation scheme established by the Puerto Rico Controlled Substances Act, as the statute expressly states that "be it after a trial or entering a plea of guilty, the court, without entering a verdict of guilty . . . may defer further proceedings and place [the] person on probation." P.R. LAWS ANN. tit. 24, § 2404(b)(1). The Puerto Rico Supreme Court has held that under the "Controlled Substances Act, the probationer does not serve sentence and is not considered a convict and the case is dismissed at the end of the probation period."[3] *Pueblo v. Román Santiago*, 109 P.R. Offic. Trans. 644, 650 (1980); *Pueblo v. Martínez Lugo*, 150 D.P.R. 238, 246–47 (2000) (under "probation . . . contemplated in the Controlled Substances Act . . . *there is no pronouncement of guilt or conviction for a crime*") (emphasis in original). And after a person successfully completes the probation period and the case is dismissed, the statute expressly states that the "dismissal shall not be deemed a conviction . . . ." P.R. LAWS ANN. tit. 24, § 2404(b)(1). But as discussed above, review at this stage is limited to whether the indictment's allegations are

---

[3] The government's counsel translated this language to say that a probationer under the Controlled Substances Act "does not serve a sentence, and in fact is not considered a convict *once the probationary period has transpired and the case is archived and dismissed*." Gov't Opp'n 5 (emphasis in original). This translation is not in accord with the official translation of the case.

sufficient. *See Huet*, 665 F.3d at 597 (trial court reversed where it "impermissibly expanded the scope of its review at the Rule 12 stage" when it "adopt[ed] [a] novel procedure . . . to truncate what it may have perceived as an incurably weak Government case" and "purported to make a purely 'legal' determination based on 'undisputed' facts'" to dismiss an indictment for a § 922(g)(1) charge.). Accordingly, the government is entitled to present its evidence to prove that Del Valle had been convicted of predicate felony at the time of his indictment, and Del Valle will have the opportunity to object to that evidence and challenge the government's case in a Rule 29 motion. FED. R. CRIM. P. 29.

## CONCLUSION

For the foregoing reasons, the motion to dismiss should be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 6th day of October 2015.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge