IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| UNITED STATES OF AMERICA, | |
|---|---|
| **Plaintiff**, | |
| v. | **Criminal No.** 15-347 (FAB) |
| BRAYAN DEL VALLE-FUENTES, | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Brayan del Valle-Fuentes' motion to dismiss the indictment. (Docket No. 26.) The United States opposed the motion, (Docket No. 31), and the Court referred the matter to Magistrate Judge Bruce J. McGiverin, (Docket Nos. 35-36).

The magistrate judge issued a Report and Recommendation ("R & R"), recommending that the Court deny defendant Del Valle's motion as premature. (Docket No. 37.) The United States and defendant Del Valle objected to the R & R. (Docket Nos. 39-40.)

For the reasons explained below, the Court modifies in part and rejects in part the magistrate judge's R & R, (Docket No. 37), and **GRANTS** defendant Del Valle's motion to dismiss the indictment, (Docket No. 26).

I.   **STANDARD OF REVIEW**

A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. R. 72(a). Any party

may file written objections to the report and recommendation, and a party that files a timely objection is entitled to a *de novo* determination of those portions of the report to which specific objection is made. 28 U.S.C. § 636(b)(1); Loc. R. 72(d). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); accord Loc. R. 72(d).

Here, the United States and defendant Del Valle filed specific objections to all portions of the magistrate judge's R & R. (Docket Nos. 39, 40.) Accordingly, the Court conducts a *de novo* review.

## II. DISCUSSION

A federal grand jury indicted defendant Del Valle on a single count of violating 18 U.S.C. § 922(g)(1). (Docket No. 9.) Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, [comma in original] a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition[.]" 18 U.S.C. § 922(g)(1). Defendant Del Valle moves to dismiss the indictment on the ground that he had not previously been convicted of a felony at the time he allegedly possessed a firearm and ammunition. (Docket No. 26.)

The dispute over whether Del Valle had been convicted of a felony stems from the parties' diverging interpretations of

Criminal No. 15-347 (FAB)                                                    3

Article 404(b) of the Puerto Rico Controlled Substances Act ("Article 404(b)"), P.R. Laws. Ann. tit 24, § 2404(b)(1). Defendant Del Valle pled guilty to a violation of Article 404(b) on August 19, 2014, and was serving a term of probation stemming from this guilty plea when he allegedly possessed a firearm and ammunition on May 7, 2015. (Docket No. 31 at p. 2.) The United States maintains that this guilty plea and subsequent probation constitute a conviction for purposes of 18 U.S.C. § 922(g)(1), and defendant Del Valle contends that the Puerto Rico court stayed the proceedings against him during the probationary period and never convicted him of the crime.

The magistrate judge sided with defendant Del Valle on the merits, finding that, as a matter of law, the Puerto Rico court's placement of Del Valle on probation pursuant to Article 404(b) did not make him a convicted felon. (Docket No. 37 at p. 6.) The magistrate judge ultimately recommended denying defendant Del Valle's motion to dismiss the indictment on procedural grounds, however, concluding that the correct procedure is for Del Valle to object to the United States' evidence of his alleged predicate felony at trial and to challenge the United States' case in a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Id. at p. 7.

The Court first addresses whether defendant Del Valle's argument is properly raised in a motion to dismiss the indictment, and concludes by rejecting the magistrate judge's finding that Del

Criminal No. 15-347 (FAB)                                                    4

Valle's motion is premature.  The Court then proceeds to analyze the merits of Del Valle's argument, and, after modifying the magistrate judge's analysis, agrees that the Puerto Rico court's placement of Del Valle on probation pursuant to Article 404(b) did not make him a convicted felon.

**A.   Motion to Dismiss the Indictment**

Defendant Del Valle moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b) ("Rule 12(b)").  (Docket No. 26 at pp. 2-3.)  Del Valle specifically invokes Rule 12(b)(3)(B), which requires that a defendant raise by pretrial motion any defect in the indictment, including the indictment's failure to state an offense. See id. at pp. 2-4, 7; Fed. R. Crim. P. 12(b)(3)(B).  To state an offense sufficiently, an indictment must "sketch[] out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011).  Because Del Valle does not allege that the indictment fails to set out the elements of the crime or the nature of the charge, Rule 12(b)(3)(B) is not the proper procedural vehicle for Del Valle's motion.

Instead of challenging the facial sufficiency of indictment, defendant Del Valle challenges the legal sufficiency of the United States' undisputed evidence supporting the indictment's single charge.  (Docket No. 26 at pp. 2-7.)  The United States agrees that the facts are undisputed and that the Court should resolve the

Criminal No. 15-347 (FAB)                                                    5

purely legal question of whether an Article 404(b) guilty plea and subsequent probation constitute a felony conviction. (Docket No. 31 at p. 3; Docket No. 39 at pp. 2-3.)

Pursuant to Rule 12(b)(1), which defendant Del Valle invokes as an alternative procedural vehicle for his motion, a party "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." See Docket No. 40 at pp. 2-3; Fed. R. Crim. P. 12(b)(1). The First Circuit Court of Appeals has not addressed the issue of whether a trial court may dismiss an indictment pursuant to Rule 12(b)(1) based on a purely legal determination when the facts are undisputed, but several other circuit courts of appeals have addressed this issue.

Seven circuit courts of appeals have squarely held that district courts may properly rule on a motion to dismiss an indictment when the facts are undisputed, the government does not object to the procedure, and the only question is a legal one. See United States v. Weaver, 659 F.3d 353, 355 (4th Cir. 2011) ("[A] district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts."); United States v. Todd, 446 F.3d 1062, 1067-69 (10th Cir. 2006) (district court may dismiss charges before trial where "undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted"); United States v. Flores, 404 F.3d 320,

Criminal No. 15-347 (FAB)                                                6

324 (5th Cir. 2005); United States v. Yakou, 428 F.3d 241, 246-47 (D.C. Cir. 2005); United States v. Phillips, 367 F.3d 846, 854-56 (9th Cir. 2004); United States v. Levin, 973 F.2d 463, 467 (6th Cir. 1992); United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988) (where "the government's own facts proffered to the defendant and the district court simply did not conform to the allegations in the indictment," the district court "correctly dismissed the indictment, not because the government could not prove its case, but because there was no case to prove").

Similarly, two circuit courts of appeals stated in *dicta* that a district court may consider a motion to dismiss an indictment based on sufficiency of the evidence where the facts are stipulated. United States v. DeLaurentis, 230 F.3d 659, 660-61 (3d Cir. 2000) ("Unless there is a stipulated record . . . a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."); United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.").

Conversely, only the Eleventh Circuit Court of Appeals has held that Rule 12(b)(1) does not allow a district court to look beyond the face of the indictment to rule on motions to dismiss,


Criminal No. 15-347 (FAB)                                                    7

even where the facts are undisputed.  See United States v. Salman, 378 F.3d 1266, 1267-69 (11th Cir. 2004).  That court did recognize, however, that this approach "may result in legally meritless cases being sent to trial."  Id. at 1269.

Here, the United States agrees with defendant Del Valle that the facts are undisputed and encourages the Court to rule on his motion to dismiss the indictment.  (Docket No. 31 at p. 3; Docket No. 39 at pp. 2-3.)  The issue of whether an Article 404(b) guilty plea and subsequent probation constitute a felony conviction for purposes of section 922(g)(1) is a purely legal question that the Court can answer without a trial on the merits.  See United States v. Bartelho, 71 F.3d 436, 440 (1st Cir. 1995) ("[T]he trial judge bears the responsibility of determining as a matter of law whether a prior conviction is admissible in a § 922(g)(1) case.").  The Court therefore follows the vast majority of circuit courts of appeals and holds that, under these circumstances, it may rule on defendant Del Valle's motion to dismiss the indictment pursuant to Rule 12(b)(1).  This conclusion is in accord with the mandate that the Federal Rules of Criminal Procedure "be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."  Fed. R. Crim. P. 2.  There is no good reason for the Court to postpone its legal determination until the United States presents its evidence at trial and defendant Del Valle raises his same argument in a Rule 29

motion.  This approach would result in unnecessary delay and expense.

Having determined that the Court may rule on defendant Del Valle's motion to dismiss the indictment, the Court now turns to the merits of Del Valle's argument.

**B.   Article 404(b) of the Puerto Rico Controlled Substances Act**

According to a "Resolution" from the Commonwealth of Puerto Rico Court of First Instance, Caguas Superior Division, dated September 26, 2014, defendant Del Valle pled guilty to violating Article 404(b), which makes it unlawful for any person to possess a controlled substance.  See Docket No. 26-1 (original Spanish); Docket No. 28-1 (certified English translation).  The Caguas Superior Court "stayed the proceedings" against Del Valle and placed him on probation pursuant to Article 404(b)(1).  (Docket No. 28-1.)  If Del Valle did not violate any condition set forth in the Resolution during the two-year probationary period, the Caguas Superior Court stated that "in the exercise of its sound discretion, and after holding a hearing, [it] may exonerate [Del Valle] and dismiss the case against him."  Id.

The United States stipulates that evidence of Del Valle's Article 404(b) guilty plea and subsequent probation is its only basis for proving that Del Valle had been convicted of a felony before he allegedly possessed a firearm and ammunition on May 7, 2015.  (Docket No. 31 at pp. 2-3; Docket No. 39 at pp. 2-3.)

What constitutes a conviction for purposes of 18 U.S.C. § 922(g)(1) is "determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Accordingly, the Court must look to the law of the Commonwealth of Puerto Rico to determine whether a person who pled guilty to an Article 404(b) violation and is serving probation pursuant to that article is "convicted" of a crime.

Article 404(b)(1) establishes a diversion mechanism for any person found guilty of possessing a controlled substance if the person was not previously convicted of a drug-related crime. P.R. Laws. Ann. tit 24, § 2404(b)(1). Once the person is found guilty, "be it after a trial or entering a plea of guilty, the court, without entering a verdict of guilty, and with the consent of [the] person, may defer further proceedings and place [the] person on probation under such reasonable terms and conditions as it may require and for a fixed term." Id. Article 404(b)(1) further provides:

> If, during the probation period, [the] person does not violate any of the conditions thereof, the court, in its discretion, and after holding a hearing, may acquit [the] person and dismiss the proceedings against him. The acquittal and dismissal under this subsection shall be conducted without the court's adjudication of guilt.

Id.

In a 2010 decision, the Puerto Rico Supreme Court explained that "the net result of a successful completion of the diversion mechanism provided in Article 404(b)(1) . . . is that the citizen

Criminal No. 15-347 (FAB)                                              10
_____

*never becomes a convict* for purposes of the disabilities and disqualifications that the law imposes on those convicted of a crime."[1]  Pueblo v. Hernandez Villanueva, 179 P.R. Dec. 872, 881 (2010).  The Puerto Rico Supreme Court also contrasted Article 404(b)(1)'s diversion mechanism with the probation program set forth in the Puerto Rico Suspended Sentence and Probation Act, P.R. Laws Ann. tit 34, § 1026, as follows:

> [T]he Suspended Sentence Act established in our jurisdiction a mechanism pursuant to which a person convicted of a crime . . . can complete his sentence - in whole or in part - outside of a penal institution. . . .
>
> However, and different from the diversion mechanism of Article 404(b)(1) of the Puerto Rico Controlled Substances Act, . . . the Suspended Sentence Act requires - by definition - that the court issue a sentence, pursuant to which the person first becomes a convict

---

[1] This English translation is provided by the Court.  The original Spanish reads: "el resultado neto de una culminación exitosa del mecanismo de desvío provisto por el Art. 404(b)(1) . . . es que el ciudadano *nunca adviene a ser un convicto*, para efectos de las incapacidades o descalificaciones que imponen las leyes a los convictos por la comisión de algún delito."  Pueblo v. Hernandez Villanueva, 179 P.R. Dec. 872, 881 (2010).

before being able to take advantage of the mechanism's benefits.[2]

Id. at 882.

The Puerto Rico Supreme Court also made clear, in an earlier decision, that under Article 404(b)(1)'s diversion mechanism, "*there is no pronouncement of guilt or conviction for a crime*" because the court suspends the entire proceeding while the person is on probation. Pueblo v. Martinez Lugo, 150 P.R. Dec. 238, 246-47 (2000);[3] accord Pueblo v. Texidor Seda, 128 P.R. Dec. 578, 585-86 (1991).[4]

It is clear from the plain language of Article 404(b)(1) and the Puerto Rico Supreme Court's discussion of that plain language that there is no criminal conviction under Puerto Rico law when a

---

[2] This English translation is provided by the Court. The original Spanish reads:

> [L]a Ley de Sentencia Suspendida instituyó en nuestra jurisdicción un mecanismo mediante el cual una persona convicta de algún delito . . . pueda cumplir su sentencia — en su totalidad o parte de ésta — fuera de la institución penal. . . .
>
> Sin embargo, y distinto al mecanismo de desvío del Art. 404(b)(1) de la Ley de Sustancias Controladas de Puerto Rico, . . . la Ley de Sentencia Suspendida requiere — por definición — que el tribunal dicte sentencia, por lo que la persona se convierte primero en un convicto, para entonces poder acogerse a los beneficios de este mecanismo.

Hernandez Villanueva, 179 P.R. Dec. at 882.

[3] Defendant Del Valle submitted a certified English translation Pueblo v. Martinez Lugo, 150 P.R. Dec. 238 (2000). See Docket No. 32-1.

[4] Defendant Del Valle submitted a certified English translation of Pueblo v. Texidor Seda, 128 P.R. Dec. 578 (1991). See Docket No. 32-2.

Criminal No. 15-347 (FAB)                                          12

person pleads guilty to an Article 404(b) violation and the court stays the proceedings and places the person on probation pursuant to Article 404(b)(1).  See P.R. Laws. Ann. tit 24, § 2404(b)(1) ("without entering a verdict of guilty"); Hernandez Villanueva, 179 P.R. Dec. at 881 ("[the person] *never becomes a convict*"); Martinez Lugo, 150 P.R. Dec. at 246-47 ("*there is no . . . conviction for a crime*").

The United States disagrees with this very plain conclusion. Its position is that a person becomes convicted when he pleads guilty to an Article 404(b) violation.  (Docket No. 31 at pp. 5-6; Docket No. 39 at pp. 3-4.)  To support this position, the United States offers two strained arguments.

First, the United States relies on the following excerpts from two Puerto Rico Supreme Court decisions to conclude that a person first becomes a convict, and then only after successfully completing probation is no longer considered a convict:  (1) "the net result of a successful completion of the diversion mechanism provided in Article 404(b)(1) . . . is that the citizen *never becomes a convict*," Hernandez Villanueva, 179 P.R. Dec. at 872;[5] and (2) "[the Article 404(b) probationer] is not considered a convict once the probationary period ends and the case is archived

---

[5] This English translation is provided by the Court.  See supra note 1.

and dismissed,"[6] Pueblo v. Roman Santiago, 109 P.R. Dec. 485, 490 (1980).  (Docket No. 31 at pp. 5-6; Docket No. 39 at pp. 3-4.) Nothing in these excerpts, however, suggests that the person is a convict before completing probation.[7]  Simply stated, the fact that a person is not a convict after successfully completing Article 404(b)(1) probation does not mean that the person is a convict before completing probation.  The Puerto Rico Supreme Court made clear in Hernandez Villanueva that, unlike probation under the Suspended Sentence Act, where the person is first convicted and then benefits from probation, with Article 404(b)(1) probation, the person benefits from probation without first being convicted.  179 P.R. Dec. at 882.

---

[6] This English translation is provided by the Court.  The original Spanish reads:  "el probando . . . no se considera convicto una vez transcurre el período probatorio y se dispone el archivo y sobreseimiento de la causa."  Pueblo v. Roman Santiago, 109 P.R. Dec. 485, 490 (1980). The official translation of this sentence reads:  "the probationer . . . is not considered a convict and the case is dismissed at the end of the probation period."  Pueblo v. Roman Santiago, 9 P.R. Offic. Trans. 644, 650 (1980).  The Court agrees with the United States, see Docket No. 39 at pp. 3-4, that this official translation is inaccurate insofar as it does not reflect the phrase "una vez," which means "once."  The Court has therefore provided what it considers to be a more accurate translation in an effort to address the United States' argument.  Regardless, neither the Court's translation nor the official translation supports the United States' conclusion.

[7] If the Puerto Rico Supreme Court had stated in Roman Santiago that the person "is no longer considered a convict once the probationary period ends," for example, the words "no longer" would imply that the person was considered a convict before the probationary period ended.  See 109 P.R. Dec. at 490.  Instead, the Puerto Rico Supreme Court stated that the person "is not considered a convict once the probationary period ends." Id.

Criminal No. 15-347 (FAB)                                           14

The United States' second argument is equally flawed.  It argues that if "there were no conviction upon pleading guilty to a violation of Article 404(b), there would be no need for the statute to include language allowing courts to 'exonerate' persons who successfully complete their probation because there would be nothing from which to exonerate such persons."  (Docket No. 31 at p. 7; see Docket No. 39 at pp. 4-5.)  This argument's premise is false because the language of Article 404(b) does not use the word "exonerate"; it uses the word "acquit."  See P.R. Laws. Ann. tit 24, § 2404(b)(1) ("[The Court] may acquit [the] person and dismiss the proceedings against him.  The acquittal and dismissal under this subsection shall be conducted without the court's adjudication of guilt.").[8]  Even if the statute did use the word "exonerate," the United States' argument would still fail because a person can be exonerated of a criminal *charge*, not just of a criminal conviction. See Exonerate, Black's Law Dictionary (10th ed. 2014) (defining "exonerate" as "[t]o clear of all blame").  After a person pleads guilty to an Article 404(b) violation, the court may stay the proceedings against him while he serves probation.  P.R. Laws. Ann. tit 24, § 2404(b)(1).  During this stay, the Article 404(b) charge against the person remains pending, and the court may

---

[8] The Spanish version of Article 404(b) uses the word "exonerar," but in the statute's official English translation, "exonerar" and "exoneración" are translated as "acquit" and "acquittal."  See See P.R. Laws. Ann. tit. 24, § 2404(b)(1).

acquit (or exonerate) the person of that charge after the person successfully completes probation.  Id.

In conclusion, the Court holds as a matter of law that defendant Del Valle did not become a convicted felon when he pled guilty to an Article 404(b) violation and the Puerto Rico court stayed the proceedings against him and placed him on probation pursuant to Article 404(b)(1).

### III.  CONCLUSION

As discussed above, the Court modifies in part and rejects in part the magistrate judge's R & R, (Docket No. 37), and **GRANTS** defendant Del Valle's motion to dismiss the indictment, (Docket No. 26).

As a matter of law, based on undisputed evidence, defendant Del Valle had not been convicted of a felony before allegedly possessing a firearm and ammunition on May 7, 2015.  The indictment charging him with being a felon in possession of a firearm and ammunition, (Docket No. 9), is therefore **DISMISSED.**

Judgment shall be entered accordingly, and defendant Del Valle shall be released from federal custody immediately.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 9, 2015.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE